IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JAMES M. RAPER, JR.                                                                       PLAINTIFF

v.                                        Civil No. 1:22-cv-01038

LOUANNE ANDERSON                                                                  DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a civil action filed by James M. Raper, Jr., ADC # 663449.  Plaintiff claims this Court has federal question jurisdiction over this case because it is a case involving "sexual abuse across state lines under threat of losing job" and "EEOC."  ECF No. 1 at 3.  Plaintiff proceeds *pro se* and *in forma pauperis*.  This case is before the Court for preservice screening.  Pursuant to 28 U.S.C. § 1915 (1996), the Court has the obligation to screen a complaint filed *in forma pauperis* and "shall dismiss the case at any time if the court determines that—(B) the action or appeal—(ii) fails to state a claim on which relief may be granted."

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation.  In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case fails to state a claim on which relief may be granted and must be **DISMISSED.**

**I.    Background:**

Plaintiff filed this action *pro se* on June 30, 2022.  ECF No. 1.  This is the second time Plaintiff filed this action.  The previous case was dismissed without prejudice on June 28, 2022.  *See Raper v. Anderson,* 1:22-cv-01030, ECF No. 18.

With this Complaint, Plaintiff raises the same issues as he did in the previous complaint: he suffered "sexual abuse across state lines under threat of losing job EEOC."  ECF No. 1 at 3. As with

1

the last case, Plaintiff claims "[i]n 2004 the defendant Louanne Anderson forced fellatio on me in a casino hotel room in Tunica, Mississippi." *Id.* at 5.  In this case, however, unlike in the prior case, Plaintiff claims it is a "civil action" and claims this case is not a 42 U.S.C. § 1983 action.

II.     **Applicable Law**:

The Court is obligated to screen this case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious; (2) fail to state a claim upon which relief may be granted; or, (3) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

III.    **Discussion**:

As with his last case, Plaintiff alleges Defendant is liable for forcing fellatio upon him.  ECF No. 1.  These claims against Defendant fail for two reasons.  First, Plaintiff has not provided any basis for federal question jurisdiction.  Plaintiff specifically claims this is *not* a 42 U.S.C. § 1983 action.  *See* ECF No. 7 at 4.  Plaintiff offers no other basis for this Court's jurisdiction; as such, it should be dismissed on this basis alone.

Second, as noted in the Court's prior Report and Recommendation in Plaintiff's first case, even if this were construed as some type of tort action with diversity jurisdiction, the incident in question occurred in 2004, and the statute of limitations has run as to any claim against Defendant. In Mississippi, where this alleged injury occurred, there is a one-year statute of limitations for the intentional tort of assault. *See* Miss. Code Ann. § 15-1-35. Thus, Plaintiff must have brought this action by 2005 because the incident alleged occurred in 2004. Accordingly, Plaintiff's case must be dismissed on this basis as well.

## IV.     Conclusion:

For the foregoing reasons, this Court recommends Plaintiff's claims against Defendant be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because this lawsuit "fails to state a claim upon which relief may be granted."

**The Court further recommends this dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g). The Clerk is DIRECTED to place a § 1915 strike flag on the case.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 26th day of October 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE